NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0460
    Facsimile: (213) 894-7819
    E-mail: Alarice.Medrano@usdoj.gov

Attorneys for Defendant, Chad Wolf, Acting Secretary,
United States Department of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT STEPHENS, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHAD WOLF, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,[1] <br><br> Defendant. | No. CV 18-10304 PA (DFMx) <br><br> CONSENT PROTECTIVE ORDER PERTAINING TO SENSITIVE SECURITY INFORMATION (SSI) <br><br> [Discovery Document: Referred to Magistrate Judge Douglas F. McCormick] |

It is hereby ordered that the following Protective Order be entered in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and shall hereafter govern the use, handling, and disposition of information, testimony or documents obtained during discovery in the above captioned matter ("the Litigation"), which constitutes Sensitive Security Information ("SSI") as defined by 49 C.F.R. Part 1520.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Chad Wolf, Acting Secretary for Homeland Security is automatically substituted for his predecessor-in-interest.

1

1. SSI is a specific category of information that requires protection against unauthorized disclosure pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520. Unauthorized disclosure of SSI may be detrimental to the security of transportation, may constitute an unwarranted invasion of personal privacy, or may reveal a trade secret or privileged or confidential commercial or financial information. Unauthorized disclosure may also result in a civil enforcement penalty or other enforcement action by the Transportation Security Administration ("TSA") against the party making the unauthorized disclosure. 49 C.F.R. § 1520.17.

2. Access to SSI is limited to "covered persons" with a "need to know" as set forth in 49 C.F.R. § 1520.7 and § 1520.11. Because the parties, their attorneys, the Court and its employees may be "covered persons" with a "need to know" some or all of the SSI relevant to this case, this order permits the sharing through discovery in this civil action of relevant information and materials that are marked as SSI or may contain SSI, provided that Plaintiff had access to such information during his employment with TSA. The right of access to discovery materials marked as SSI or containing SSI shall be limited to the Court and its employees, Plaintiff, and counsel for the parties, paralegal, secretarial and clerical personnel in their employ. Court reporters retained by the parties for purposes of recording depositions and who have signed a TSA-approved Non-Disclosure Agreement may also have access to SSI.

3. Discovery Material encompassed in this Protective Order includes, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other documents or information produced or given to one party by another party or by a third party in connection with discovery in this matter. Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

4. "Covered persons" have an express duty to protect against the unauthorized disclosure of SSI. 49 C.F.R. § 1520.9. SSI must be safeguarded in such a way that it is

not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. § 1520.11. When unattended, SSI must be secured in a locked container or office, or other restricted access area.

5. Documents that contain SSI may not be further disseminated to persons without a "need to know" except with written permission from TSA. SSI must not be disclosed by either party to any person or entity other than those enumerated in paragraph 2.

6. All documents subject to this Protective Order shall be marked as follows: "Confidential: Subject to SSI Protective Order in *Robert Stephens Jr. v. Chad Wolf*, CV 18-10304 PA (DFMx)." Documents containing SSI that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure.

7. Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form), but instead shall be filed under seal. Material filed under seal will be available only to the persons enumerated in paragraph two.

8. Deposition testimony that may contain SSI should be so designated by verbal notice or written notice within 10 days of receipt of the transcript. However, testimony containing SSI that is not designated, through mistake, nonetheless must be safeguarded against unauthorized disclosure.

9. All hearings, or portions thereof, in which SSI may be disclosed, always shall be closed to the public. If there is a possibility that SSI may be disclosed at trial, the courtroom shall be closed to the public.

10. Plaintiff and Plaintiff's counsel may use SSI disclosed to them in the course of litigating the above-captioned action ("Litigation") only for the purposes of plaintiff in Litigation ad not any other purpose. SSI may not be further disseminated, including to a jury, except with written permission from TSA.

12. All documents subject to this Protective Order in the possession of Plaintiff

or Plaintiff's counsel shall be returned to TSA within 60 days of termination of this action, including any appellate proceedings, or shall be certified in writing to TSA to have been destroyed by Plaintiff or Plaintiff's counsel in accordance with TSA's requirements for the destruction of documents containing SSI.

13. Nothing in this Protective Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

14. This Protective Order is without prejudice to the rights of any party to make any objection to discovery or use of SSI, or documents that may contain SSI, permitted by the Federal Rules of Civil Procedure, or any statute, regulation, or other authority.

## GOOD CAUSE STATEMENT

Good cause exists for the entry of this protective order, *see Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004), because the disclosure of the SSI in question by definition would be "detrimental to the security of transportation," 49 C.F.R. § 1520.5(a)(3), and therefore cause substantial harm to public safety. If unauthorized individuals were able to discover information about how TSA conducts its screening operations, they might be able to evade TSA's security operations and engage in acts of terrorism. Therefore, this protective order is necessary to allow the parties to exchange relevant documents and information in accordance with federal law and national security without the undue burden and expense of additional protective measures.

Dated this 3rd day of February, 2020.

_____
DOUGLAS F. MCCORMICK
UNITED STATES MAGISTRATE JUDGE